CLD-201                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1798
_____

BRANDON L. FAKE;
SUSAN B. FAKE

v.

COMMONWEALTH OF PENNSYLVANIA; PATRICK J. MURPHY,
INDIVIDUALLY; WAYNE M. BENNET, INDIVIDUALLY; ANITA N.
BOTCHWAY, INDIVIDUALY; WILLIAM H. KETTERLINUS, INDIVIDUALLY;
RUFUS SETH WILLIAMS; INDIVIDUALLY, GERALD ROCKS, INDIVIDUALLY;
JOHN "JOHNNY DO" DOUGHERTY, INDIVIDUALLY; JOHN CLARK,
INDIVIDUALLY; MARY CLARK, INDIVIDUALLY; ERIK J. CONRAD, LAW FIRM
AND INDIVIDUALLY

Brandon L. Fake,
                    Appellant

*(Amended pursuant to Clerk's Order dated 07/25/2025)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-01283)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted for Possible Dismissal due to a Jurisdictional Defect and Possible Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 21, 2025

Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 26, 2025)

_____

OPINION[*]

_____

**PER CURIAM**

Brandon Fake appeals pro se from District Court orders dismissing the plaintiffs'

third amended complaint for failure to state a claim.  Because the appeal presents no

substantial question, we will summarily affirm the District Court's judgment.

In March 2020, Brandon and Susan Fake filed a pro se complaint against forty-

five defendants.  Plaintiffs alleged a RICO conspiracy in the Philadelphia Court of

Common Pleas in connection with divorce, support, and custody proceedings between

Fake and his ex-wife that began in 2004.[1]  They also alleged defendants had violated

other federal and state constitutional and statutory protections, including 42 U.S.C. §

1983.  In December 2020, the District Court dismissed the complaint against multiple

defendants for failure to state a claim but allowed plaintiffs to file an amended complaint

as to all defendants.

In 2023, the District Court dismissed plaintiffs' amended complaint with prejudice

as to all claims against the Commonwealth of Pennsylvania,[2] Brian Zarallo in his official

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1]  Fake has initiated other federal complaints against some of the same defendants.

[2]  Dismissing these claims also terminated the Pennsylvania Office of Attorney General,

and individual capacity, the Pennsylvania Courts, all named Pennsylvania Judges in their official and individual capacities,[3] Robert Graci, Martha Gale, the City of Philadelphia, the District Attorney's Office of Philadelphia, Rufus Williams in his official capacity, Sarah Katz, Karen Ulmer, Russell Manning, and Federal Judge Gerald Pappert.[4] It also dismissed with prejudice all claims against Erik Conrad, apart from plaintiffs' asserted RICO claim. The District Court dismissed without prejudice plaintiffs' claims asserted against the remaining defendants and allowed plaintiffs to file a second amended complaint. The District Court struck plaintiffs' second amended complaint from the record for failing to comply with the prior orders of dismissals and allowed plaintiffs to file a third amended complaint.

Plaintiffs filed their third amended complaint in June 2024. In March 2025, the District Court dismissed plaintiffs' claims against all remaining defendants for failure to state a claim. Brandon Fake appealed.

II.

---

Attorney General Joshua D. Shapiro, and Governor Thomas W. Wolf as parties.

[3] Dismissing these claims also terminated the Judicial Conduct Board of Pennsylvania as a party.

[4] The District Court terminated Defendants James Kenney and Lawrence S. Krasner as parties because plaintiffs' amended complaint had failed to name them as defendants or assert any claims against them.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals based on sovereign immunity, judicial immunity, and failure to state a claim. Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020); Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000); Bah v. United States, 91 F.4th 116, 119 (3d Cir. 2024). We may summarily affirm if the appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4.

## III.

After a de novo review of the record, we are satisfied that plaintiffs' claims against all defendants fail, largely for the reasons provided by the District Court.

## A.

The District Court properly found that sovereign immunity barred any claims against the Commonwealth of Pennsylvania, Brian Zarallo in his official capacity, the Pennsylvania Courts, and the Pennsylvania State Judges in their official capacities. The Eleventh Amendment "make[s] states generally immune from suit by private parties in federal court [and] [t]his immunity extends to state agencies and departments." MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503 (3d Cir. 2001) (cleaned up). Plaintiffs allege that these defendants have waived their sovereign immunity and consented to being sued in federal court. However, plaintiffs have cited no documents showing that these defendants waived immunity, and Pennsylvania has expressly not waived its Eleventh Amendment immunity in federal courts. 42 Pa. Cons. Stat. Ann. §

4

8521(b). This immunity therefore bars plaintiffs' claims against these defendants in any official capacity.[5]

B.

The District Court properly found that Federal Judge Pappert and the Pennsylvania State Judges, as sued in their individual capacities, were entitled to judicial immunity. Judicial officers performing regular duties have "absolute immunity from suit." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Judges are "deprived of immunity" only when their actions are taken "in the clear absence of all jurisdiction." Id. (cleaned up). Plaintiffs' allegations all relate to actions taken by the Federal and State Judges in their capacities as judges. See id. And contrary to Fake's assertions on appeal, the Pennsylvania Supreme Court has not waived judicial immunity for these defendants, nor did any of the Judges act "in the clear absence of all jurisdiction." Id.

C.

The District Court properly found that plaintiffs failed to assert any custom or policy which would create an actionable claim against the City of Philadelphia under Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978), and that the Philadelphia District Attorney's Office is not a separate entity that can be sued under § 1983. See Reitz v. Cnty. Of Bucks, 125 F.3d 139, 148 (3d Cir. 1997).

---

[5] Plaintiffs have failed to state any plausible claim against these state defendants that would not be covered by sovereign immunity.

## D.

The District Court also correctly found that Katz, Ulmer, and Manning could not be found to be state actors based on the facts as alleged by plaintiffs. To state a claim under § 1983, plaintiffs must establish the individual sued was a state actor. Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). We have found individuals to be state actors when they are a state official, they have acted with state officials, or their "conduct is, by its nature, chargeable to the state." Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). Attorneys are not considered state actors "solely on the basis of their position as officers of the court." Id. The District Court also correctly dismissed any remaining claims against these defendants as plaintiffs failed to state any plausible claims.

## E.

Finally, the District Court properly found that plaintiffs failed to allege sufficient facts to state any claim against the remaining defendants. Under the Twombly-Iqbal standard, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (cleaned up.). Although pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). Plaintiffs failed to plead

6

facts that would satisfy the elements of their asserted claim; in particular, their allegations of participation in a RICO conspiracy and fraud.  And even when allowed to amend their complaint multiple times, plaintiffs failed to cure the defects raised by the District Court.

III.

For the foregoing reasons, we will summarily affirm the District Court's judgment as to all parties.  See 3d Cir. L.A.R. 27.4(a).  The pending motions are denied.